# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:11-cr-115
                                       Related Case No. 3:16-cv-181

                                       District Judge Timothy S. Black
- vs -                               Magistrate Judge Michael R. Merz

ANTHONY HEATH,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. § 2255(ECF No. 47). On the Court's Order, the United States has filed an Answer (ECF No. 50) which concedes the merit of Heath's § 2255 Motion.

The record reflects that the Defendant was charged in a one count Indictment with violating the Armed Career Criminal Act ("ACCA") by possessing ammunition in and affecting interstate and foreign commerce after having been convicted of three qualified predicate (1) two counts of burglary in Montgomery County Common Pleas Court on August 16, 1999; (2) one count of aggravated burglary in the same court on July 19, 2002; and (3) one count of failure to

comply with the order or signal of a police officer with resulting substantial physical harm and/or risk of such harm (Indictment, ECF No. 21, PageID 42-43).

By written Plea Agreement, Heath agreed to plead guilty as charged (ECF No. 31). On February 2, 2012, the Court sentenced Heath to sixty months imprisonment, more than one hundred months below the bottom of the Guideline range (Judgment, ECF No. 41). The sentence was ordered to be run consecutive to an Ohio state sentence then being served. *Id.*

In its Answer the United States concedes that "Heath's Ohio burglary convictions, felonies of the fourth degree, qualified as crimes of violence solely under the residual clause of the Armed Career Criminal Act." (ECF No. 50, PageID 105, n. 1.) Presumably this concession refers only to the two burglary convictions which occurred in 1999, since aggravated burglary is not a felony of the fourth degree. Furthermore, in addition to the prior convictions listed in the Indictment, Heath has a prior conviction for aggravated trafficking in cocaine in 1990 (PSR ¶ 50) which is a qualifying predicate offense, albeit not pleaded in the Indictment.

With the elimination of the burglary conviction that was actually pleaded in the Indictment (because it qualified only under the residual clause of the ACCA declared unconstitutional in *Johnson v. United States*, 135 S. Ct. 2551 (2015)), Heath no longer qualifies as an armed career criminal. *Johnson* has been declared retroactively applicable to cases on collateral review. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (April 18, 2016).

**Conclusion**

Accordingly, the Magistrate Judge respectfully recommends Heath's instant § 2255 Motion be GRANTED, that his sentence be VACATED, and that he be RE-SENTENCED for

his offense under 18 U.S.C. § 922(g)(1) without the ACCA enhancement.


September 2, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).